UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT, HELEN SCOTT and
JAMES SCOTT d/b/a BEST WAY AUTO,

    Plaintiffs,

                                                   Case No. 14-CV-10625-DT

v.

                                                  HONORABLE DENISE PAGE HOOD

OFFICER KEVIN REIF, et al.,

    Defendants.
_____/

**<u>ORDER GRANTING MOTIONS FOR JUDGMENT
ON THE PLEADINGS (DOC. NOS. 43, 49),
ORDER TO SHOW CAUSE WHY CERTAIN
DEFENDANTS SHOULD NOT BE DISMISSED
FOR LACK OF PROSECUTION,</u>
<u>and</u>
<u>ORDER SETTING SCHEDULING CONFERENCE</u>**

**I.    BACKGROUND**

On February 10, 2014, Plaintiffs James Scott, James Scott d/b/a Best Way Auto and Helen Scott filed a Complaint on February 10, 2014 against various Defendants alleging: Statutory Conversion by Officer Defendants and Gene's (Count I); Common Law Conversion by Officer Defendants and Gene's (Count II); Trespass to Chattel (Count III); Gross Negligence as to Officer Defendants (Count IV); Wanton & Willful Misconduct by Officer Defendants (Count V); Vicarious Liability as to State Law

Torts (Count VI); 42 U.S.C. § 1983-Violation of Constitutionally Protected Rights by Officer Defendants (Count VII); 42 U.S.C. § 1983-Violation of Constitutionally Protected Rights by City Defendants (Count VIII); Tortious Interference with Contract, Advantageous Business Relationship Expectance (Count IX); and, Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (Count X).

Bestway is licensed to sell used cars, scrapped automobiles and auto parts. (Comp., ¶¶ 18-19) Bestway purchases junk cars from over three hundred independent-contractor tow truck drivers to sell scrapped vehicles. (Comp., ¶ 20) The tow truck drivers are required to obtain a valid legal title to each car and they deliver the junk cars to a scrap processor Bestway's account. (Comp., ¶¶ 24-25) Each independent-contractor tow truck drivers uses a unique numbered stamp from Bestway for all cars they deliver and sell. (Comp., ¶ 27) After the driver delivers the junk car to the scrap processor under its unique Bestway Stamp, the truck driver is paid by Bestway for the scrapped vehicle. (Comp., ¶ 29) Bestway is then paid by the scrap yard. (Comp., ¶ 30) The transactions are in cash and Bestway maintains full records. (Comp., ¶ 31) The drivers assume all liability for the cars taken to the scrap yards under their unique Bestway stamp. (Comp., ¶ 32)

On February 2, 2012, a team from the Western Wayne Auto Theft Unit ("WWATU"), a task force of several police departments in the Wayne County area,

executed a search warrant on Bestway in Detroit, Michigan and at the home of James and Helen Scott. (Comp., ¶¶ 12, 33) The search warrant was based on an affidavit signed by Defendant Reif, which Plaintiffs claim was full of misrepresentations. (Comp., ¶¶ 34-35) The officers restrained Plaintiffs' daughter in handcuffs so that she could not observe the search. (Comp., ¶ 45) The officers then searched Plaintiffs' home when they were not present so that they could break down the door and conduct the search unobserved. (Comp., ¶ 46) The officers seized $180,000 from a safe at the Plaintiffs' home even though the warrant did not mention a safe. (Comp., ¶¶ 47-48) The Return to Search Warrant falsely reported that the amount seized from the safe was $100, but the amount was $180,000. (Comp., ¶¶ 50-51)

Following the search, WWATU requested an arrest warrant for James Scott which was denied by the Wayne County Prosecutor's Office. (Comp., ¶¶ 55-56) Defendants attempted to obtain an Arrest Warrant from the State Attorney General's Office, which was also denied. (Comp., ¶¶ 61-62) Defendants continued to harass the independent tow truck drivers who are essential to Bestway's operation of its business. (Comp., ¶¶ 63-64) Plaintiffs have has suffered loss of revenue and irreparable harm from Defendants' continued harassment and have failed to return all property seized. (Comp., ¶¶ 65-68) Plaintiffs cannot retrieve the items seized, including vehicles unless they pay storage charges in excess of $50,000, which is

growing every day. (Comp., ¶ 70) Defendants also refused to return any of the $180,000 seized from Plaintiffs' home. (Comp., ¶ 72) Plaintiffs hired a private investigator and former Detroit Police Officer Joseph Bruce to investigate the matter who found that many of Reif's representations were false. (Comp., ¶¶ 41-43)

This matter is before the Court on the Redford Defendants' Motion to Dismiss based on Judgment on the Pleadings and Defendant Collins' Motion for Judgment on the Pleadings under Rule 12(c) claiming *res judicata*. Plaintiffs filed a previous action with the Wayne County Circuit Court arising out of the same alleged facts and occurrences. (Doc. No. 43-2; *Scott, et al. v. Reif, et al.,* Wayne Cir. No. 12-005378-AW) A final order on the merits dismissing all claims was entered on July 17, 2012. (Doc. No. 43-3; Wayne County Order) The matter was appealed and the Michigan Court of Appeals affirmed in an unpublished decision. (Doc. No. 43-4; *Scott, et al. v. Reif, et al.,* Michigan Court of Appeals No. 312378, Dec. 17, 2013)

Plaintiffs respond that the individual Defendants' liability and Plaintiffs' resulting damages have not been addressed prior to this action and that Defendants have not met their burden of establishing *res judicata*. Plaintiffs agree to dismiss Defendants City of Redford and the City of Redford Police Department. Defendants reply that Plaintiffs misunderstand the status of the *res judicata* law in Michigan and that they have established the elements of *res judicata*.

4

## II. ANALYSIS

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts give the same preclusive effect to a state court judgment that a court of the state in which the judgment was rendered would accord the judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1 (1984); *Heyliger v. State Univ. and Community College Sys. of Tenn.,* 126 F.3d 849, 851 (6th Cir. 1997). A federal court looks to the law of the state where the judgment was issued to determine the extent of the preclusive effect of the prior state court judgment. *Heyliger,* 126 F.3d at 851-52. The Sixth Circuit has noted "the perennial confusion over the vocabulary and concepts of the law of preclusion." *Id.* at 852. The Supreme Court has instructed that:

> The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra.,* 465 U.S. at 77 n. 1. Michigan law requires a court to apply claim preclusion if: 1) there was a prior and final decision on the merits; 2) the parties in both lawsuits are the same; and 3) the matter in the second case was, or could have been, resolved in the first lawsuit. *Reid v. Thetford Twp.,* 377 F. Supp. 2d 621, 624-25 (E.D. Mich. 2005) (citing, *Adair v. State of Michigan,* 470 Mich. 105, 121 (Mich. 2004)). As to the third element, the broader same transaction test is used regardless of variant forms of theories or relief sought flowing from those theories or variations of evidence need to support the theories or rights alleged were violated. *Adair,* 470 Mich. at 124. Once the three elements are met, claim preclusion will bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.,* 463 Mich. 569, 575 (2001).

Plaintiffs cite *Hoffman v. Silverthorn,* 137 Mich. 60 (1904) and *Salisbury v. City of Detroit,* 264 Mich. 250 (1933) to support their argument that *res judicata* does not apply to their Complaint. However, the Michigan Supreme Court in 1980 acknowledged the conflicting language of previous rulings, opting for a broad rule instead of the narrow approach to *res judicata* used in *Hoffman* and *Salisbury*. *Gose v. Monroe Auto Equipment Co.,* 409 Mich. 147, 160 (1980). The *Adair* case issued by the Michigan Supreme Court is now the law as to how courts should apply *res*

*judicata* or claim preclusion. Michigan now takes the "broad approach to the doctrine of *res judicata*, holding that it bars not only claims already litigated, but also every claim arising from the same transaction of the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich. at 121.

Applying the test used in *Adair*, the Court finds that Michigan law requires claim preclusion or *res judicata* be applied in this case. Regarding the first element, there was a prior and final decision on the merits issued by the Wayne County Circuit Court and affirmed by the Michigan Court of Appeals. (Doc. Nos. 43-1 and 43-2) As to the second element, the moving individual Defendants involved in the two motions, Defendants Reif and Collins, were named in the Wayne County Circuit Court action. (Doc. No. 43-2)

The third element has been met that this second case before this Court could have been resolved in the first lawsuit. Applying the broad transactional test in *Adair*, the Court notes that the Wayne County Circuit Court case was a mandamus request for return of Plaintiffs' property. Although the various torts and § 1983 claims may not have been alleged in the mandamus request, as held by the Michigan Supreme Court, "every claim arising from the same transaction of the parties" should have been raised before the Wayne County Circuit Court. The mandamus request alleged that Defendants Reif and Collins failed to return illegally seized property of Plaintiffs and

that Defendant Reif made material omissions and misrepresentations in his affidavit in support of the search warrant. (Doc. No. 43-2, Petition) The facts alleged in the Petition involved a raid of Bestway and Plaintiffs' home. (Doc. No. 43-2, Petition, ¶ 6) The same facts noted in the instant Complaint surrounding the execution of the search warrants at Bestway and at Plaintiffs' home are alleged in the facts set forth in the Petition. (Doc. No. 43-2, Petition, ¶¶ 14-32) It does not matter that Plaintiffs are now alleging in this Complaint different theories and requests for relief because the same transaction involved in the instant Complaint was involved in the previous action filed before the Wayne County Circuit Court. Plaintiffs' claims in this lawsuit are barred by the doctrine of *res judicata* or claim preclusion.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss by Judgment on the Pleadings under Rule 12(c) filed by Defendants Kevin Reif, City of Redford and City of Redford Police Department **(Doc. No. 43)** is GRANTED.

IT IS FURTHER ORDERED that the Motion for Judgment on the Pleadings **(Doc. No. 49)** filed by Defendant Lieutenant Ray Collins is GRANTED.

IT IS FURTHER ORDERED that the following Defendants are **DISMISSED** with prejudice: Kevin Reif; City of Redford; City of Redford Police Department; and,

Lieutenant Ray Collins.

IT IS FURTHER ORDERED that Plaintiffs show cause in writing **by March 13, 2015** why the following Defendants should not be dismissed for failure to prosecute under E.D. Mich. LR 41.2: City of Huron Charter Township; City of Melvindale; John Doe Officers (2); Unnamed Cities Participating in DRANO and WWATU; and DRANO.

IT IS FURTHER ORDERED that a Scheduling Conference is set for **Monday, April 13, 2015, 3:30 p.m.** A joint Rule 26(f) report/discovery plan must be filed by April 6, 2015. Plaintiffs and the following Defendants must appear: Gene's Towing, Inc.; Township of Brownstown; and, City of Southgate.

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: February 11, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2015, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager