UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT, HELEN SCOTT and
JAMES SCOTT d/b/a BEST WAY AUTO,

    Plaintiffs,

                                  Case No. 14-CV-10625-DT

v.

                                  HONORABLE DENISE PAGE HOOD

OFFICER KEVIN REIF, et al.,

    Defendants.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**
**and**
**ORDER DENYING MOTION FOR PERMISSION TO FILE AN APPEAL**

**I.    MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiffs' Motion for Reconsideration filed February 25, 2015. On February 11, 2015, the Court entered an Order Granting Motions for Judgment on the Pleadings.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2).

Plaintiffs' motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiffs argue that the Court erred in finding that issue preclusion or *res judicata* applied to a mandamus action before the state court. The Court addressed this argument in its opinion. The Court finds that Plaintiffs are re-hashing the same arguments made in their previous submissions to the Court. Plaintiffs have not demonstrated a palpable defect by which the Court was misled.

## II.     MOTION FOR PERMISSION TO FILE AN APPEAL

Alternatively, Plaintiffs seek permission to file an appeal pursuant to Rule 5(a)(3) of the Rules of Appellate Procedure. Absent certification for an interlocutory

appeal under 28 U.S.C. § 1292(b) or Rule 54(b) of the Rules of Civil Procedure, an order disposing of fewer than all parties or claims in an action is non-appealable. *William B. Tanner Co. v. United States,* 575 F.2d 101 (6th Cir. 1978). The movant must meet three elements for certification under § 1292(b): 1) a controlling legal question is involved; 2) there is a substantial ground for difference of opinion regarding the question; and, 3) an immediate appeal would materially advance the litigation's ultimate termination. *See, In re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002); *In re Baker & Getty Fin. Serv., Inc.,* 954 F.2d 1169, 1172 (6th Cir. 1992). Section 1292(b) certification "should be sparingly applied" and "is to be used only in exceptional circumstances." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

Plaintiffs do not address any of the elements the Court must consider in order to certify an interlocutory appeal. The Court finds that Plaintiffs have not met their burden for certification under § 1292(b). The issue preclusion or *res judicata* question is controlling, but the Court concludes there is no substantial ground for difference of opinion as to this question. The Court does not find that an immediate appeal would materially advance the litigation's ultimate termination, but would further delay the proceedings before this Court. The Court finds no exceptional circumstances exist in this instance to grant permission for an interlocutory appeal.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration (**Doc. No. 65**) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Permission to File an Appeal (**Doc. No. 75**) is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager